UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VICENTE R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-02007-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff filed a Complaint on March 12, 2018, seeking review of the Commissioner's denial of his application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on October 24, 2018. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# BACKGROUND

Plaintiff filed an application for DIB on September 4, 2013, alleging disability commencing on November 4, 2009. Administrative Record ("AR") 226-27. After his application was denied initially (AR 83-89) and on reconsideration (AR 91-97), Plaintiff requested an administrative hearing (AR 113-14), and two hearings were held—one on March 30, 2016 (AR 66-82) and one on January 23, 2017. AR 47-65. Plaintiff, represented by attorney representatives, appeared and testified at the hearings before an Administrative Law Judge ("ALJ").

On February 2, 2017, the ALJ issued a written decision finding Plaintiff was not disabled. AR 22-41. The ALJ found Plaintiff had not engaged in substantial gainful employment since November 4, 2009 and suffered from the severe impairment of degenerative disc disease of the lumbar spine that did not meet or medically equal a listed impairment. AR 31. The ALJ also found that through March 31, 2013, the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except (AR 32):

> [H]e could stand and/or walk two hours at a time up to six hours in an eight-hour day, and sit two hours at a time up to six hours in an eight-hour day. He could occasionally climb stairs, ramps and ladders, stoop, kneel, crouch, and never crawl. He could have occasional exposure to unprotected heights or moving mechanical parts, and no exposure to heavy industrial vibratory machinery.

The ALJ found Plaintiff was unable to perform any past relevant work. AR 35. However, considering Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in

significant numbers in the national economy. Id. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act. AR 36.

On February 14, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the agency's final decision. AR 1-9.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even when an ALJ errs, a court may uphold the decision where the error is harmless. Id. at 1115. An error is harmless if it is "inconsequential

to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Whether the ALJ properly considered the examining physician's opinion; and

Issue No. 2: Whether the ALJ met the agency's burden at Step Five.

**A. Objective Medical Evidence**

With respect to Issue No. 1, Plaintiff contends the ALJ failed to properly consider the medical evidence of record.

1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the

5

effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. § 416.902. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id.

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r, Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

2. Analysis

On August 2, 2011, Richard M. Siebold, M.D. ("Dr. Siebold"), an examining physician, opined Plaintiff had a decreased range of motion of the lumbar spine, a slightly positive Flip test, and eighty percent of a squat with complaints in the lumbar spine. AR 1241. Dr. Siebold assessed work restrictions of "no substantial work with no lifting greater than perhaps 25

6

pounds, no repetitive stopping/bending." AR 1248. On December 31, 2011, Dr. Siebold opined Plaintiff had a multilevel disc desiccation at L3-L4, L4-L5, and L5-S1. AR 1260. Dr. Siebold also revealed Plaintiff had significant major herniation or protrusion of almost 6mm at L5-S1 (on the right) and minor 1-2 millimeter bulges at L3-L4 and L4-L5. Id. Dr. Siebold maintained that Plaintiff was "permanent and stationary" with respect to his lumbar spine. AR 1268. Dr. Siebold assessed work restrictions of "no substantial work with no lifting greater than perhaps 10 pounds, no repetitive stooping/bending." Id. Dr. Siebold stated that "objectively, the MRI is grossly abnormal at multiple levels with the most significant finding at L5-S1. Id.

In giving Dr. Siebold's opinions "limited weight," the ALJ reasoned the "opinions cover a period of less than twelve months." AR 34. Plaintiff argues the ALJ failed to articulate specific and legitimate reasons for rejecting the opinion. Jt. Stip. at 9. The Commissioner counters that the ALJ's view that Dr. Siebold's opinion was of limited value was reasonable because Dr. Siebold's review of the prior medical records and his opinion as to Plaintiff's functional limitations was limited compared to the longitudinal review made by Robert C. Thompson, M.D. ("Dr. Thompson"), a non-examining physician. Jt. Stip. at 13. The Commissioner also contends Plaintiff's treatment merely consisted of conservative treatment, and Dr. Siebold's reports show his opinions "clearly included consideration of Plaintiff's subjective complaints as well as objective components." Jt. Stip. at 13-14.

The Court finds the ALJ did not provide specific and legitimate reasons for rejecting Dr. Siebold's opinions. In giving Dr. Siebold's opinions limited weight, the ALJ stated "the opinions cover a period of less than twelve months." AR 34. The ALJ did not provide any further analysis or rationale for rejecting Dr. Siebold's opinions. The ALJ failed to provide a legitimate reason supported by substantial evidence for rejecting Dr. Siebold's opinions that

7

Plaintiff was "permanent and stationary" and could not lift greater than ten pounds. The ALJ's reasoning that Dr. Siebold's opinions covered a period of less than twelve months is not supported by substantial evidence because Dr. Siebold reviewed medical records and examination reports dating from November 5, 2009 to June 26, 2012. AR 1276-77. Moreover, if the ALJ intended to reject Dr. Siebold's opinions because Dr. Siebold only examined Plaintiff once, that is not a legitimate reason for rejecting an examining physician's opinion. See Garcia v. Colvin, 2016 WL 3035109, at *5 (C.D. Cal. May 26, 2016) (finding an ALJ's rejection of a medical opinion based in significant part on the fact that the doctor conducted a single examination is a "woefully weak basis for rejecting an examining physician's opinion"); Cleghorn v. Colvin, 2015 WL 8282508, at *3 (C.D. Cal. Dec. 8, 2015).[2]

Additionally, the Commissioner's arguments—regarding Dr. Siebold's opinions compared to Dr. Thompson's, Plaintiff's conservative treatment, and Dr. Siebold's opinions including consideration of Plaintiff's subjective complaints—were not raised by the ALJ in her decision. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray, 554 F.3d at 1225; SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the

---

[2] The Commissioner also makes arguments regarding: (1) Dr. Siebold's opinions compared to Dr. Thompson's; (2) Plaintiff's conservative treatment; and (3) Dr. Siebold's opinions including consideration of Plaintiff's subjective complaints. Jt. Stip. at 11-14. However, the ALJ did not offer these reasons for rejecting Dr. Siebold's opinions in her decision. If an ALJ does not rely upon a reason in support of a credibility determination, a reviewing Court may not rely upon that reason either. Tommasetti v. Astrue, 533 F.3d 1035, 1039 n.2 (9th Cir. 2008).

8

propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). This Court cannot consider arguments in support of a rejection of a medical opinion that were not stated by the ALJ.

In sum, the Court finds the ALJ erred by not providing specific and legitimate reasons supported by substantial evidence for rejecting Dr. Siebold's opinions. The Commissioner does not argue that any error in considering the opinions of Dr. Siebold was harmless, and the Court does not find that the error was inconsequential to the ultimate nondisability determination. See Brown-Hunter, 806 F.3d at 492.

**B.     Step Five Determination**

In Issue No. 2, Plaintiff argues the ALJ did not meet the Commissioner's burden at Step Five because the testimony of the Vocational Expert ("VE") testimony was a clear deviation from the Dictionary of Occupational Titles ("DOT") without explanation.

1. Applicable Law

At Step Five of the sequential evaluation, the Commissioner must show that the claimant can perform work that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. Tackett, 180 F.3d at 1100-01; 20 C.F.R. §§ 404.1560(c), 416.960(c). In making a disability determination, the DOT is the primary source for "information about the requirements of work in the national economy." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). The ALJ may also use VE testimony to obtain occupational evidence. Id.

The ALJ may ask a VE to identify representative jobs in the national economy that a hypothetical individual with the same characteristics as the

claimant would be able to do. See Tackett, 180 F.3d at 1101. The VE's testimony may constitute substantial evidence of the claimant's ability to perform such jobs if the ALJ's hypothetical question included all of the claimant's limitations supported by the record. See Robbins, 466 F.3d at 886; Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the VE's opinion has no evidentiary value.").

An ALJ may not rely on a VE's testimony that deviates from pertinent job descriptions in the DOT unless the record contains "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). The ALJ must affirmatively ask a VE whether his or her opinion contradicts information in the DOT and must "obtain a reasonable explanation for any apparent conflict." Massachi, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00–4p). "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony." Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (as amended).

2. Analysis

During the 2017 hearing, the ALJ asked, "And would the lack of English literacy be a problem with the jobs you suggested?" AR 63. The VE responded, "No, Your Honor." Id. The ALJ concluded Plaintiff could work as a tile sorter or table-top tile setter, which are both light, semi-skilled (Specific Vocational Preparation 3 and 4) occupations and have 410,000 and 294,000 positions, respectively, in the national economy. See AR 36; see also DOT 573.687-038, 763.684-074.

Plaintiff contends the ALJ erred by failing to properly consider Plaintiff's limited language abilities because the VE's testimony deviated from the DOT

without explanation. Jt. Stip. at 17. The Commissioner counters that: (1) Plaintiff has waived any opposition to the VE's testimony; (2) any apparent conflict with the DOT was resolved; (3) any failure of the ALJ to inquire further of the VE was harmless because there was no actual or apparent conflict. Jt. Stip. at 21-22.

First, the Court finds Plaintiff has not waived any opposition to the VE's testimony. Plaintiff did not challenge the VE's testimony during the administrative hearings, but the Ninth Circuit has held that "an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." Shabi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) citing SSR 00-4P; Lamear v. Berryhill, 865 F.3d 1201, 2016 (9th Cir. 2017); Massachi, 486 F.3d at 1152-54.

Second, the Court finds the ALJ did not sufficiently explain how Plaintiff, who the ALJ found is illiterate in English, could work as a tile sorter or table-top tile setter, both of which require a language level of 2. See AR 63; DOT 573.687-038, 763.684-074. Language level 2 requires that an individual have a passive vocabulary of at least 5,000 words, read at a rate of at least 190 words per minute, write compound and complex sentences, and speak clearly and distinctly with appropriate punctuation and tenses. DOT Appendix C(III). A plain reading of the DOT's language level 2 definition requires language ability more advanced than someone who is illiterate in English. The VE's representative occupations of tile sorter and table-top setter thus present a clear conflict with Plaintiff's limitation in communicating in English. See Rios v. Berryhill, 2018 WL 3807827, at *7-8 (C.D. Cal. Aug. 8, 2018) (finding an "obvious conflict" where the VE's representative occupations containing a language level 1 requirement conflicted with Plaintiff's limitation in communicating in English); see also Gutierrez v. Colvin, 844 F.3d 804, 808

11

(9th Cir. 2016) (holding to constitute a conflict, the difference between the VE's testimony and the DOT's listings must concern DOT requirements which are essential, integral, or expected).

This apparent conflict triggered the ALJ's obligation to inquire further. See Rios, 2018 WL 3807827, at *8; Lamear, 865 F.3d at 1205. That Plaintiff's prior jobs required at least a language level of 2 does not excuse the ALJ's obligation. See Rios, 2018 WL 3807827, at *8 (finding the fact that "Plaintiff's prior jobs . . . also required at least a language level of 1 does not excuse the ALJ's obligation" to inquire further regarding an apparent language ability conflict). Moreover, "in order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." Pinto, 249 F.3d at 847; see also Diaz v. Berryhill, 2018 WL 1187530, at *7 (C.D. Cal. Mar. 7, 2018) (remanding for "ALJ's failure to resolve the conflict between the VE's testimony and the language requirements outlined by the DOT"); Chaoprasrihomkhao v. Berryhill, 2018 WL 287303, at *6 (E.D. Cal. Jan. 4, 2018) (finding error where a VE did not provide an explanation for how a claimant could perform work identified by VE given his limited English); Yang v. Berryhill, 2017 WL 5878203, at *5-6 (E.D. Cal. Nov. 29, 2017).

Because the ALJ neglected to definitively explain why Plaintiff could perform occupations requiring at least a language level of 2 despite his illiteracy, remand is warranted. See Pinto, 249 F.3d at 847. The error is not harmless because the conflict between the VE's testimony and the language requirements is not inconsequential to the ultimate disability determination. See Lamear, 865 F.3d at 1206; Molina, 674 F.3d at 1115.

**C.    Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000)

(as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

Because it is unclear due to the two errors found herein at different steps of the sequential evaluation whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495. The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: December 18, 2018

_____
JOHN D. EARLY
United States Magistrate Judge